815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isabelle DeSANTIS and Paul A. DeSantis, Plaintiffs-Appellants,
v.
Eugene ROSS; Valeria Ross; Renee Ross; Wayne Ross;
Michele Ross; Mark Ross; Robert DeFrance;
Village of Bentleyville, Defendants-Appellees.
 No. 86-3423.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon referral and after a prior remand from this Court, the United States Magistrate found that all of Isabella and Paul Desantis' federal constitutional claims are either time barred or, as a matter of law, insufficient. The magistrate consequently dismissed the pendent state claims for lack of jurisdiction. The magistrate's opinion is correct. We adopt it and affirm.
 
 
 2
 The magistrate noted that in Wilson v. Garcia, 105 S.Ct. 1938, 1947 (1985), the Supreme Court held that for the purposes of time limitations, section 1983 actions are to be treated as personal injury actions and governed by the relevant state statute. As we held in Mulligan v. Hazard, 777 F.2d 340, 343-44 (6th Cir.1985), the Wilson ruling applies retroactively. The relevant state statute of limitations to be applied is the Ohio statute, which, as we also held in Mulligan, provides for a one-year period. See Ohio Rev.Code Secs. 2305.11(A) and 2305.111. Because Isabelle and Paul DeSantis filed their first complaint on August 15, 1979, all section 1983 claims accruing before August 15, 1977 are barred. That leaves only one claim remaining.
 
 
 3
 That claim arises from an incident that occurred on December 26, 1979 in which a police officer stopped Paul DeSantis on a closed local-access-only road on which DeSantis was driving to look at a fallen bridge. As the magistrate observed, the policeman's stopping of DeSantis to tell him that he should not be driving on the limited access road "cannot, under any stretch of the imagination, be considered as violative of a constitutionally protected right." Mag.Op. at 8 (4/3/1986). Thus, summary judgment on this claim was also appropriate.
 
 
 4
 The judgment of the district court is affirmed.